No. 23,797.

W. F. WELDGRUBE, *Appellee*, v. W. N. KERNS et al. (FRANK NICHOLS and A. SPIWAK, *Appellants*.)

SYLLABUS BY THE COURT.

1. CHATTEL MORTGAGE—*Expiration—No Renewal*. The transaction relied on held not to amount to a renewal of the chattel mortgage in controversy.

2. SAME—*Mortgagee Deeming Himself Insecure—Right to Possession*. The rule followed that a chattel mortgagee who in fact deems himself insecure may foreclose regardless of the grounds for such belief, the instrument providing that he may take possession and sell the property if at any time he "shall deem the debt unsafe or insecure."

Appeal from Wyandotte district court, division No. 3; WILLIAM H. MC-CAMISH, judge. Opinion filed June 10, 1922. Affirmed.

*William K. Ward, James T. Cochran,* both of Kansas City, and *Toby Fishman,* of Kansas City, Mo., for the appellants.

*E. L. Eaton,* of Bonner Springs, for the appellee.

The opinion of the court was delivered by

WEST, J.: The plaintiff foreclosed a chattel mortgage, and the defendants Nichols and Spiwak appeal and insist that there was no default, and that the suit was prematurely brought. Another matter involved is the question of the plaintiff's deeming himself insecure.

Weldgrube v. Kerns.

The petition alleged that the defendant, Kerns, gave the plaintiff a note for $3,500 secured by chattel mortgage on the Edwardsville Telephone Exchange. The note was dated February 19, 1919, payable on or before one year after date. The mortgage provided, among other things, that if default should be made in payment of the debt or any part thereof, "or if at any time the payee of said note shall deem the said debt unsafe or insecure," he was authorized to take possession and sell the property. A further stipulation was—

"That the undersigned may renew said indebtedness and this mortgage at the maturity thereof at his option, if he shall have paid the interest due thereon, for the period of one year from February 19th, 1921, and may, also, under the same condition, at his option, renew said indebtedness and this mortgage, further, from year to year, thereafter, but not more than three times after February 19th, 1921, . . ."

The petition alleged that the note was past due and that the condition of the mortgage had been broken, and the plaintiff deemed the debt insecure and unsafe.

The answer of defendants Nichols and Spiwak (subsequent owners of the telephone system) alleged, among other things, that the note and mortgage were not due and payable and not in default, and that the indebtedness was not unsafe and insecure. It was further alleged that on February 8, 1921, and prior to the beginning of the suit Kerns paid the plaintiff through its authorized agent, the Farmers State Bank, $210, "the said amount being received by said bank and duly endorsed on said note, and being the interest due and payable on the said note and mortgage by the terms thereof, from February 19th, 1920, to February 19th, 1921"; further, that on the date of this payment Kerns elected to exercise the option to renew, and did renew for one year, and the plaintiff in recognition thereof filed his renewal affidavit.

In reply the plaintiff averred that on or about August, 1920, and prior to January 1, 1921, the defendant Kerns sold the property to Nichols subject to the mortgage and Nichols assumed and agreed to pay the debt, and at the time of the interest payment on February 8, 1921, Kerns was not the owner of the property.

The court rendered judgment for the plaintiff. The errors alleged are, admitting improper and refusing proper evidence, entering judgment for the plaintiff, and denying a new trial.

The plaintiff testified, among other things, that when the interest was paid in 1920 there was nothing said about a renewal; that he

did not know when Kerns sold out, and was told nothing about it by Kerns. The defendant Nichols testified that he owned the telephone system February 8, 1921, but had dated the paper back to the first of February because that was when the contract was made between him and Spiwak.

The plaintiff testified that he looked over the telephone lines and they were in poor shape; that he saw Kerns sometime in June and talked to him about the note and mortgage.

"Q. Now, you may state, knowing what you did about the system and Mr. Kerns, and the property he had, what he may have told you whether you deemed yourself and this debt safe and secure? . . . A. I felt unsafe and insecure on account of changing hands and . . ."

In their brief counsel say that all the specifications of error are based upon the fundamental proposition that the judgment is in whole or in part contrary to the evidence. They argue that the court erred in finding there was no renewal of the mortgage and in its construction of the insecure clause of the contract, and that the evidence showed that the plaintiff did not deem himself insecure.

Whether or not the renewal clause between the plaintiff and the mortgagor Kerns could be taken advantage of by the defendants to whom the property was sold subject to the mortgage need not be determined at this time.

We do not regard the evidence as showing a renewal of the note and mortgage by the mere payment of interest to the bank, but even if a renewal was made the insecure clause still retained its primary force.

Whatever the views of other courts may be, the rule is settled in this state that if a chattel mortgagee in fact deems himself insecure that is the end of all strife and the grounds thereof cannot be inquired into by other parties. (*Thorp v. Fleming*, 78 Kan. 237, 96 Pac. 470.)

While counsel claim there was evidence to show that the plaintiff did not in fact deem the debt insecure, his own evidence, already quoted, was the other way, and the trial court evidently took that view of the matter, and we are bound thereby.

No material error appearing in the record, the judgment is affirmed.