**In re YOUTIE.**

No. 4222.

Circuit Court of Appeals, Third Circuit.

Feb. 28, 1930.

Bertram K. Wolfe, Morton Witkin, and Umsted & Wolfe, all of Philadelphia, Pa., for appellant.

Philip Monheit, of Atlantic City, N. J., for appellees.

Before WOOLLEY, Circuit Judge, and THOMPSON and JOHNSON, District Judges.

WOOLLEY, Circuit Judge.

The alleged bankrupt made an offer of composition to his creditors, a majority of whom in number and amount consenting.

The offer was referred to a referee for consideration and recommendation. After hearings, he reported against its confirmation on the ground that the bankrupt had failed to explain losses and deficiencies in his merchandise and fixtures, commenting, however, on the bankrupt's dubious real estate transactions which, if inquired into and found illegal, would, he thought, greatly increase the dividends to unsecured creditors. On the bankrupt's petition the district judge referred the matter back to the referee who, after further hearings, filed a supplemental report in which, though stating that the questioned losses and deficiencies in merchandise and fixtures had been satisfactorily explained, he still recommended that the offer of composition be not confirmed, this time on the ground that the real estate transactions, commented on in his first report, were of a character that required legal inquiry and should be taken into consideration in determining whether the proposed composition is for the best interests of the creditors. Bankruptcy Act, § 12 (d), 11 USCA § 30(d). Thereupon the district judge denied the petition for composition and the bankrupt, feeling that the referee had vacillated and the judge had erred, appealed.

The single question, reduced to simple terms, is whether the judge abused his discretion.

While consent to a bankrupt's offer of composition by a majority of his creditors in number and amount is evidence that it is for their best interests, In re Waynesboro Drug Co. (D. C.) 157 F. 101; In re Hoxie (D. C.) 180 F. 508; In re Barde (D. C.) 207 F. 654, and therefore properly to be considered by the judge in passing on the question, such evidence being only prima facie is not controlling upon him for, after all, it is upon the judge that the Bankruptcy Act places the duty of deciding whether the offer is for the best interests of the creditors, and this independently of their favoring a composition. Cases supra. Such a decision rests wholly within his discretion. This court will not on appeal disturb the action of a district judge based on his discretion unless it clearly appear that he has abused his discretion or has grounded his action on a plain mistake of fact.

Finding in this case neither one of these exceptions to the rule, the order of the district judge is affirmed.